UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ATTILIO AGOSTINO,

                        Plaintiff,

           - against -

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                      Defendant.

--------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-7235 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Attilio Agostino ("Plaintiff" or "Agostino") brings this action against the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g).  (*See* Dkt. 1.) Plaintiff seeks judicial review of the decision of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB").  (*Id.*)  Before the Court are the parties' cross-motions for judgment on the pleadings.  (*See* Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings, Dkt. 13-1 ("Pl.'s Mem."); Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings, Dkt. 16-1 ("Def.'s Mem.").)  For the reasons that follow, the Court grants Plaintiff's motion and denies the Commissioner's motion.  This case is remanded for further proceedings consistent with this Memorandum & Order.

**BACKGROUND**[1]

## I.     Procedural History

Plaintiff applied for DIB on March 5, 2020, alleging a disability onset date of May 23,

2019, due to a fracture of the left elbow, chronic pain disorder, major depressive disorder,

generalized anxiety disorder, and other ailments.  (Administrative Transcript ("Tr."), Dkt. 10, at

36, 50, 52, 77, 79.)[2]  On August 11, 2020, Plaintiff's application was initially denied (Tr. 101–03),

and on December 15, 2020, Plaintiff's application was denied on reconsideration (Tr. 121–23).  At

Plaintiff's request, on July 7, 2021, Administrative Law Judge ("ALJ") Sandra McKenna held a

hearing at which Plaintiff, his counsel, and a Vocational Expert ("VE") appeared.  (Tr. 10.)  On

August 17, 2021, the ALJ issued a decision finding that Plaintiff was not disabled within the

meaning of the Social Security Act ("the Act").  (Tr. 74–93.)  The Appeals Council denied

Plaintiff's request for review of the ALJ's decision on October 19, 2022.  (Tr. 1.)  On November

29, 2022, Plaintiff timely filed this action challenging Defendant's denial of Plaintiff's DIB

application.  (*See* Dkt. 1.)

## II.    ALJ Decision

 The Commissioner employs a five-step inquiry to evaluate Social Security disability

claims.  *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014); *Talavera v. Astrue*, 697 F.3d

145, 151 (2d Cir. 2012) (citation omitted) (explaining that the plaintiff bears the burden of proof

at the first four steps of the inquiry; the Commissioner bears the burden at the final step).  Here, at

---

[1] The Court presumes the parties' familiarity with the facts in this case, and therefore recites only the facts that are relevant to the parties' instant motions.

[2] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript (*see* Dkt. 10), appearing in the lower right corner of each page, and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

step one, the ALJ found that Plaintiff met the insured status requirements of the Act and that Plaintiff had not engaged in substantial gainful activity since May 23, 2019, the alleged onset date. (Tr. 79.)  At step two, the ALJ found that Plaintiff had the following severe impairments: ununited fracture of the left elbow, status post surgeries, left carpal tunnel syndrome, obesity,[3] major depressive disorder, and generalized anxiety disorder.  (*Id.*)  The ALJ further found that Plaintiff had not established that his mental health conditions caused "at least two 'marked' limitations or one 'extreme' limitation," or that he had "sought a minimum of two years of treatment or therapy leading to marginal adjustment." (Tr. 81.)  Finally, the ALJ determined that Plaintiff's obesity failed to meet or equal the severity of the specified impairments in the Listing of Impairments contained in Appendix 1 to 20 C.F.R. Part 404, Subpart P, either alone or in combination with other impairments.  (Tr. 82.)  The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC")[4] to perform light work with certain limitations.  (Tr. 82.)  At step four, the ALJ concluded that Plaintiff was incapable of performing any past relevant work.   (Tr. 91.) Nevertheless, at step five, the ALJ found that Plaintiff could perform several jobs that exist in significant numbers in the national economy.  (Tr. 92.)  Specifically, the ALJ found that Plaintiff could work as a sales attendant, marker, or routing clerk.  (*Id.*)

---

[3] The record indicates that Plaintiff's body mass index ("BMI") was 35.9 at the time of his initial application.  (Tr. 35.)

[4] A claimant's RFC is "the most [he or she] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1); *see also* SSR 96-9P, 1996 WL 374185 (July 2, 1996) ("RFC is what an individual can still do despite his or her functional limitations and restrictions caused by his or her medically determinable physical or mental impairments. It is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to perform work-related physical and mental activities.").

**STANDARD OF REVIEW**

Unsuccessful claimants for benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of benefits.  42 U.S.C. §§ 405(g), 1383(c)(3).  "In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision."  *Agolli v. Comm'r of Soc. Sec.*, No. 20-CV-5369 (MKB), 2023 WL 6050096, at *3 (E.D.N.Y. Sept. 15, 2023) (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005)).  "Courts review de novo whether the correct legal principles were applied and whether the legal conclusions made by the [ALJ] were based on those principles."  *Coulter v. Comm'r of Soc. Sec.*, 673 F. Supp. 3d 365, 369 (S.D.N.Y. 2023); *see also Douglass v. Astrue*, 496 F. App'x 154, 156 (2d Cir. 2012) ("Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations.").

"If the reviewing court is satisfied that the ALJ applied the correct legal standards, then the court must 'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision.'" *Coulter*, 673 F. Supp. 3d at 369 (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (per curiam)).  "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (internal quotation and alterations omitted); *see also Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the court] to glean the rationale of an ALJ's decision[.]" (internal quotation omitted)).  If there is

4

substantial evidence in the record to support the Commissioner's factual findings, those findings are conclusive and must be upheld.  42 U.S.C. § 405(g); *see also Cichocki*, 729 F.3d at 175–76. However, "[i]f . . . the Commissioner's decision is not supported by substantial evidence or is based on legal error, a court may set aside the Commissioner's decision."  *Agolli*, 2023 WL 6050096, at *3.

## DISCUSSION

### I.   The ALJ Failed to Develop the Record

As a threshold matter, the Court finds that the ALJ failed to develop the record regarding Plaintiff's obesity.  "The ALJ's failure to develop the record is a threshold issue, because the Court cannot rule on whether the ALJ's decision regarding [Plaintiff's] functional capacity was supported by substantial evidence if the determination was based on an incomplete record."  *Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 267 (S.D.N.Y. 2016) (internal quotation marks omitted); *accord Alvarez v. Comm'r of Soc. Sec.*, No. 14-CV-3542 (MKB), 2015 WL 5657389, at *14 (E.D.N.Y. Sept. 23, 2015).  It is well established in the Second Circuit that an ALJ presiding over a social security hearing must "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted).  This obligation exists "even where, as here, the claimant is represented by counsel."  *Merriman v. Comm'r of Soc. Sec.*, No. 14-CV-3510 (PGG) (HBP), 2015 WL 5472934, at *18 (S.D.N.Y. Sept. 17, 2015) (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)).  Furthermore, even though Plaintiff did not expressly raise the issue, "the Court must independently consider whether the ALJ failed to satisfy his duty to develop the record."  *Prieto v. Comm'r of Soc. Sec.*, No. 20-CV-3941 (RWL), 2021 WL 3475625, at *10 (S.D.N.Y. Aug. 6, 2021) (collecting cases).

Here, while Plaintiff's medical records reference his weight and recent weight gain (*see, e.g.*, Tr. 51, 520, 778–79), there is no medical opinion evidence that discusses the physical effects of Plaintiff's obesity or the impact of Plaintiff's obesity on his RFC and ability to do basic work activities.[5]   The Court finds that the ALJ failed to satisfy her duty to develop the administrative record in light of this "obvious gap." *See Reff v. Saul*, No. 18-CV-6878 (PKC), 2020 WL 1550635, at *3–5 (E.D.N.Y. Mar. 31, 2020); *see also Rockwood v. Astrue*, 614 F. Supp. 2d 252, 278–79 (N.D.N.Y. 2009) (remanding where the ALJ failed to develop the record regarding a plaintiff's obesity).   The ALJ also neglected to ask Plaintiff about these issues at the hearing.  *See Puckett v. Berryhill*, No. 17-CV-5392 (GBD) (KHP), 2018 WL 6061206, at *2, (S.D.N.Y. Nov. 20, 2018) ("The ALJ's duty to develop the administrative record encompasses not only the duty to obtain a claimant's medical records and reports, but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity.").   Rather, Plaintiff's obesity came up at the hearing only because Plaintiff's counsel asked him about it.  (Tr. 27.)   Because the record is incomplete, the Court is unable to evaluate whether substantial evidence supported the ALJ's findings regarding the severity of Plaintiff's impairments and his RFC.  *Perez v. Comm'r of Soc. Sec.*, No. 22-CV-4545 (PKC), 2023 WL 6308051, at *7 (E.D.N.Y. Sept. 28, 2023).[6]

---

[5] In contrast, Plaintiff's weight gain did come up in the context of his mental health, specifically in records provided by his psychiatrist and psychologist. (*See, e.g.*, Tr. 86, 778–79.)

[6] Furthermore, although the ALJ mentions the fact of Plaintiff's obesity in her decision (*e.g.*, Tr. 82, 85), she provides no explanation of how Plaintiff's obesity was factored into her RFC determination, if at all.  *See Woodhouse v. Saul*, No. 19-CV-5921 (PKC), 2021 WL 878772, at *3 (E.D.N.Y. Mar. 8, 2021) (remanding where the ALJ only briefly remarked on the plaintiff's obesity but did not explain how it was factored into the plaintiff's RFC); *Willoughby v. Comm'r of Soc. Sec.*, 332 F. Supp. 2d 542, 549 (W.D.N.Y. 2004) (remanding where the ALJ "failed to consider the effects that [plaintiff's] obesity had on the severity of her impairments, her residual functional capacity, and her ability to do basic work activities").   This is particularly troubling

**II.**     **The ALJ's RFC Finding Is Not Supported by Substantial Evidence**

While a failure to develop the record is sufficient to remand, the Court further finds that

the ALJ's RFC finding is not supported by substantial evidence, i.e., "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Selian*, 708 F.3d at 417

(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Talavera*, 697 F.3d at 151.

Medical records alone cannot provide substantial evidence for an RFC determination; an "ALJ's

RFC determination must be supported by a medical opinion in the record at that time." *Pearson*

*v. Comm'r of Soc. Sec.*, No. 20-CV-3030 (AMD), 2021 WL 3373132, at *4 (E.D.N.Y. Aug. 3,

2021). In determining whether the Commissioner's findings were based on substantial evidence,

the Court must ascertain that the agency considered all evidence in reaching its findings. 20 C.F.R.

§ 404.1520(a)(3). Moreover, the Court "is required to examine the entire record, including

contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian*,

708 F.3d at 417. Still, "it is up to the agency, and not this [C]ourt, to weigh the conflicting evidence

in the record," *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998), and if there is

substantial evidence in the record to support the Commissioner's findings as to any fact, they are

conclusive and must be upheld. 42 U.S.C. § 405(g); *see also Cichocki*, 729 F.3d at 175–76.

The Act's regulations also require an ALJ to explain "how persuasive [she] find[s] all of

the medical opinions and all of the prior administrative medical files in [an applicant's] case

_____

because Plaintiff noted that his weight gain had an impact on his ability to stand and walk for long
periods of time when asked about it by his counsel at the hearing. (Tr. 27.) Yet, the ALJ made no
explicit findings as to Plaintiff's ability to walk or stand in determining Plaintiff's RFC. *See*
*Acevedo v. Comm'r of Soc. Sec.*, No. 20-CV-5691 (EK), 2023 WL 6141277, at *3 (E.D.N.Y. Sept.
20, 2023) (explaining that an "ALJ's failure to make explicit findings as to 'all relevant limitations'
— including [plaintiff's] ability to stand and walk — 'frustrate[s] meaningful review'" (quoting
*Cichocki*, 729 F.3d at 177)).

record." 20 C.F.R. § 404.1520c(b). "Supportability" and "consistency" are the "most important factors" in evaluating the persuasiveness of medical opinions. *Id.* § 404.1520c(b)(2). With respect to supportability, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Similarly, as to consistency, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). Although ALJs are no longer required to afford controlling weight to treating source opinions, the regulations still recognize the "foundational nature" of the observations of treating sources, and "consistency with those observations is a factor in determining the value of any [treating source's] opinion." *Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 267 (E.D.N.Y. 2021) (collecting cases).

### A.     The ALJ's Consideration of Dr. De La Chapelle's Opinion

Plaintiff contends that the ALJ erred by failing to specifically evaluate Dr. Alain De La Chapelle's opinion with respect to Plaintiff's claimed mental limitations. (Pl.'s Mem. at 23–26.) The Court agrees.

Dr. De La Chappelle is a board-certified psychiatrist who performed an independent psychiatric examination of Plaintiff for workers' compensation purposes on March 6, 2020. (Tr. 527.) After the examination, Dr. De La Chappelle opined that Plaintiff could "return to work on a part-time basis (i.e., four hours a day, five days a week) to minimize stress." (Tr. 530.)

Although Dr. De La Chappelle was a consultative examiner, "the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the Social Security Act[,]" "[r]egardless of its source." *Williams v. Kijakazi*, No. 20-CV-8469 (JLC), 2022 WL 799478, at *12 (S.D.N.Y. Mar. 16, 2022) (cleaned up) (quoting *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013)).  Here, the ALJ failed to specifically address Dr. De La Chappelle's opinion, let alone mention Dr. De La Chappelle by name. *Velasquez v. Kijakazi*, No. 19-CV-9303 (DF), 2021 WL 4392986, at *28 (S.D.N.Y. Sept. 24, 2021) (finding ALJ erred by failing to consider the totality of the evidence where decision did not address, *inter alia*, the opinion of one consultative examiner); *Hahn v. Saul*, No. 20-CV-06124 (KAM), 2023 WL 4975970, at *4 (E.D.N.Y. Aug. 3, 2023) ("[A]n ALJ is required to consider *all* of the medical opinion evidence in the record. . . . The ALJ did not consider all the medical opinion evidence because the ALJ did not discuss or mention Dr. Goldstein's assessment." (citations omitted)).  Instead, the ALJ summarily addressed all of the medical evidence in Plaintiff's workers' compensation file by stating:

> While the medical evaluations [in the file] are relevant in that they contain assessments that are useful for determining the [Plaintiff's] functional ability, their administrative conclusions are different, as the two programs have different criteria for evaluation and policy goals.  First, these opinions do not contain any meaningful assessment of the [Plaintiff's] functional limitations.  Second, "disability" in workers' compensation parlance has a different meaning than "disability" under social security law. . . . Third, to the extent any inconsistency exists between these opinions and the residual functional capacity assessment, the undersigned find[s] these opinions less persuasive because the assessments are not supported by the objective medical evidence or [are] not consistent with other medical evidence in the file. The Social Security Administration makes determinations of disability according to Social Security law, therefore a determination of disability by another agency is not binding on this proceeding.  As such, the opinions that the claimant is "disabled" or cannot work are not persuasive.

(Tr. 88–89 (citations omitted).)  These conclusory statements are insufficient to satisfy the ALJ's duty to discuss whether "every medical opinion" is "supported by and consistent with other

medical evidence in the record, as required by § 404.1520(c)(b)(2)." *Hahn*, 2023 WL 4975970, at

*4 (citing *Keeby o/b/o T.K. v. Comm'r of Soc. Sec.*, No. 21-CV-1202 (PKC), 2022 WL 4451004,

at *4 (E.D.N.Y. Sept. 23, 2022)).    Moreover, although "[t]he ALJ correctly recognized that

workers' compensation programs and SSA disability benefits programs use distinct standards and

thus a finding of disability made for workers' compensation purposes is not binding for SSA

purposes," she "erred where she found the medical findings on disability to be unpersuasive solely

because the findings were made in the workers' compensation context because, 'while not binding,

the decisions of other governmental agencies with respect to disabilities can be considered by an

ALJ.'"  *Id.* at *5 (quoting *Tention v. Comm'r of Soc. Sec.*, No. 21-CV-4659 (KAM), 2023 WL

2868295, at *6 (E.D.N.Y. Apr. 9, 2023)).[7]

In the defense's motion papers, the Commissioner attempts to rationalize the ALJ's

treatment of Dr. De La Chappelle's opinion (or lack thereof) by arguing that the opinion "is simply

not relevant to establish limitations meeting the durational requirements to qualify for DIB."

(Def.'s Mem. at 19–20.)    However, "the Court cannot accept the Commissioner's *post hoc*

rationalizations for the ALJ's flawed decisions." *Quach v. Comm'r of Soc. Sec.*, No. 20-CV-5991

(PKC), 2022 WL 4586240, at *7 (E.D.N.Y. Sept. 29, 2022); *see also Elder v. Comm'r of Soc. Sec.*,

No. 15-CV-7370 (MKB), 2017 WL 1247923, at *12 (E.D.N.Y. Mar. 24, 2017) ("The Court cannot

consider the Commissioner's post-hoc justifications that were not addressed by the ALJ as a basis

to affirm the ALJ's decision."); *McAllister v. Colvin*, 205 F. Supp. 3d 314, 333 (E.D.N.Y. 2016)

---

[7] That the ALJ did explicitly consider and find somewhat persuasive one of the medical opinions in the workers' compensation file also suggests that the ALJ impermissibly cherry-picked the evidence to support her RFC finding. *See Williams*, 2022 WL 799478, at *19 (explaining that "courts frequently remand when an ALJ cherry-picks medical evidence in support of an RFC determination while ignoring or mischaracterizing evidence to the contrary").

("Such post hoc rationalizations are insufficient, as a matter of law, to bolster the ALJ's decision."). Accordingly, the ALJ's failure to properly consider Dr. De La Chappelle's opinion warrants remand. *See Hahn*, 2023 WL 4975970, at \*4.

## B.   Inappropriate Reliance on Non-Examining Experts, Consultative Examiners, and Stale Medical Opinions[8]

An ALJ is permitted to take into consideration the opinion of a non-examining source in determining a claimant's RFC; however, "[b]ecause a treating source examines a claimant directly, they 'may have a better understanding of [a claimant's] impairment(s) . . . than if the medical source only reviews evidence in [a claimant's] folder." *Soto v. Comm'r of Soc. Sec.*, No. 19-CV-4631 (PKC), 2020 WL 5820566, at \*4 (E.D.N.Y. Sept. 30, 2020) (quoting 20 C.F.R. § 404.1520(c)(3)(v)). As such, courts frequently find that "RFC determinations that depend entirely on the opinions of non-examining experts and one-time consultative examiners are not supported by substantial evidence." *Lewis v. Saul*, No. 21-CV-1493 (AMD), 2022 WL 4586241, at \*9 (E.D.N.Y. Sept. 29, 2022); *Fintz v. Kijakazi*, No. 22-CV-337 (KAM), 2023 WL 2974132, at \*5 (E.D.N.Y. Apr. 15, 2023) ("While heavy reliance on a one-time examiner's opinion

---

[8] In January 2017, the SSA promulgated new regulations regarding the consideration of medical opinion evidence that apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's application for benefits was filed after that date, *see supra* p. 1, the new regulations apply here. The previous regulations required "an ALJ . . . to give controlling weight to a treating physician if those opinions were 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and [were] not inconsistent with the other substantial evidence in [the] case record.'" *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-CV-502 (AJN) (KHP), 2021 WL 363682, at \*9 (S.D.N.Y. Jan. 29, 2021) (citations omitted), *R. & R. adopted*, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022). Under the new regulations, "[a] survey of . . . cases . . . show[s] that while the treating physician's rule was modified, the essence of the rule remains the same, and the factors to be considered in weighing the various medical opinions in a given claimant's medical history are substantially similar." *Id.* (collecting cases); *see also Dany Z. v. Saul*, 531 F. Supp. 3d 871, 885 (D. Vt. 2021) ("The new regulations cannot be read as a blank check giving ALJs permission to rely solely on agency consultants while dismissing treating physicians in a conclusory manner.").

does not automatically constitute a legal error, the Second Circuit has warned that heavily relying on an examiner who only examined a claimant once is inadvisable." (citing *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019))).   "This concern is even more pronounced in the context of mental illness where . . . a one-time snapshot of a claimant's status may not be indicative of [his or] her longitudinal mental health." *Estrella*, 925 F.3d at 98; *see also, e.g.*, *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *9 (E.D.N.Y. Feb. 10, 2022).

Here, the ALJ considered five medical opinions in assessing Plaintiff's mental health, but primarily relied on the opinions of two non-examining experts and a one-time consultative examiner.  Specifically, the ALJ found the August 2020 opinion of Dr. J. Ochoa (*see* Tr. 35–47) and the November 2020 opinion of Dr. H. Rozelman (*see* Tr. 51–69)—both non-examining experts—to be somewhat persuasive (*see* Tr. 87).  The ALJ also found the July 2020 opinion of one-time consultative examiner Dr. Seth Sebold (*see* Tr. 703–07) to be somewhat persuasive (*see* Tr. 88).  In contrast, the ALJ deemed the May 2021 opinion of Dr. Lynn Seskin (*see* Tr. 897–99), Plaintiff's psychologist, not persuasive (*see* Tr. 90).  The ALJ also found that the opinion of Dr. Christina Vaglica, Plaintiff's psychiatrist (*see* Tr. 717–40, 773–90), was not persuasive, except for Dr. Vaglica's opinion that Plaintiff should not drive if sedated, which the ALJ found to be generally persuasive (*see* Tr. 88).  And, as discussed above, the ALJ did not meaningfully consider the opinion of Dr. De La Chappelle, a one-time consultative examiner, at all.  *See supra* pp. 8–11.

The Court finds that the opinions of Dr. Sebold, Dr. Ochoa, and Dr. Rozelman—the only opinions that the ALJ found even somewhat persuasive—do not constitute substantial evidence, especially given the contrary opinions of Plaintiff's treating sources, Dr. Vaglica and Dr. Seskin. *See Fintz*, 2023 WL 2974132, at *6 ("Without the support of an opinion by an expert who

actually examined Plaintiff, however, the non-examining doctors' opinions cannot constitute substantial evidence." (citation omitted)).  As discussed, "the Second Circuit has 'frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination,'" particularly in the context of mental illness.  *Stewart v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 1 (E.D.N.Y. 2021) (quoting *Estrella*, 925 F.3d at 98) (remanding where ALJ accorded great weight to the opinion of a psychiatrist who never examined the plaintiff and rejected the medical evidence provided by treating sources); *see also Velazquez v. Barnhart*, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007) ("In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient.").

The ALJ also erred in disregarding the fact that the opinions of Drs. Sebold, Ochoa, and Rozelman were stale by the time she issued her decision in August 2021.  *See, e.g.*, *Almonte v. Comm'r of Soc. Sec.*, No. 21-CV-3091 (PKC), 2022 WL 4451042, at *9 (E.D.N.Y. Sept. 23, 2022).  "Courts will find an opinion stale if it is given prior to a deterioration in Plaintiff's condition."  *Skartados*, 2022 WL 409701, at *9.   In this case, Dr. Sebold's opinion was given over one year before the ALJ's decision, and the opinions of Drs. Ochoa and Rozelman were between eight months to a year old.  "While age of an opinion alone is not determinative of its staleness," here, there was evidence in the record that Plaintiff's condition worsened in the period after Drs. Sebold, Ochoa, and Rozelman issued their opinions.  *See Almonte*, 2022 WL 4451042, at *9 (citing *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018)).  Between November 2020 and August 2021, Plaintiff continued to seek treatment from Drs. Vaglica and Seskin, both of whom noted that Plaintiff was experiencing increased stress,

anxiety, and depression with minimal improvements.  (*See, e.g.*, Tr. 784–86, 787, 834, 838.)

Dr. Vaglica also changed Plaintiff's medication regimen at least three times during this period

due to the lack of improvement in his mental health.[9]   (Tr. 782–84, 787, 840); *see also*

*Skartados*, 2022 WL 409701, at *9 (finding medical opinions stale because they failed to

account for more than a year of mental health treatment and multiple changes to antidepressant

medications).  In particular, the opinions of Drs. Sebold and Ochoa did not account for almost

a year when the medical records suggest a possible decline in Plaintiff's ability to function, and

it was error for the ALJ not to account for that.  *Skartados*, 2022 WL 409701, at *9–10; *see also*

*Flintz*, 2023 WL 2974132, at *4 (explaining that "the opinion of a consultative physician who

did not review important medical records cannot constitute substantial evidence to support an

RFC" (cleaned up) (citation omitted)).  In contrast, the ALJ deemed Dr. Seskin's May 2021

opinion not persuasive, even though Dr. Seskin had a longstanding relationship with Plaintiff

and had a more complete picture of Plaintiff's mental health at the time she issued her opinion.

(*See* Tr. 90.)  Furthermore, one of the reasons why the ALJ discounted Dr. Seskin's opinion was

because it was inconsistent with Dr. Sebold's opinion, which, as discussed above, was flawed.

(*Id.*)  This too was error, especially because the ALJ failed to consider the ways in which Dr.

Seskin's opinion *was* consistent with the opinion of Plaintiff's treating psychiatrist, Dr. Vaglica.

(*Id.*)

## CONCLUSION

For the reasons set forth herein, the Court grants Plaintiff's motion for judgment on the

pleadings and denies the Commissioner's cross-motion.  The Commissioner's decision is vacated,

---

[9] At the hearing, Plaintiff also testified to an increase in the frequency of his panic attacks.
(Tr. 23.)

and this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further

consideration consistent with this Memorandum & Order.  The Clerk of Court is respectfully

directed to enter judgment and close this case.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 25, 2024
      Brooklyn, New York